**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                               Case No. 22-42314-NHL

THE MUSE BROOKLYN INC

                            Debtor.
-----------------------------------------------------------X

### STIPULATION, AGREEMENT AND ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**IT IS STIPULATED AND AGREED,** this 21st day of November, 2022, by and between The Muse Brooklyn, Inc, the Chapter 11 Debtor and Debtor in Possession herein (the "Debtor") and Moffat Holding, LLC (hereinafter sometimes referred to collectively as the "Parties") as follows:

**WHEREAS**, this case was commenced by the filing of a Voluntary Petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code on September 21, 2022 (the "Filing Date"); and

**WHEREAS**, Gerard Luckman, Esq. was appointed Sub Chapter V Trustee in this case; and

**WHEREAS**, no creditors' committee has been appointed by the Office of the United States Trustee, and there have been no motions for the appointment of a trustee or examiner; and

**WHEREAS**, Moffat Holding, LLC is the landlord of the Debtor's premises located at 338 Moffat Street, Brooklyn, New York 11237 (the "Building"); and

**WHEREAS,** the Debtor is the tenant lessee of the Building; and

**WHEREAS**, Moffat Holding, LLC alleges that it is owed arrears under both the lease and for the Debtor's use and occupancy of the Building in the sum of $440,691.02; and

**WHEREAS**, the Debtor disputes the amount owed to Moffat Holdings; LLC and

**WHEREAS**, Moffat Holdings, LLC commenced a Landlord Tenant Proceeding entitled *Moffat Holdings, LLC v. The Muse Brooklyn, Inc.* in Civil Court, State of New York, County of Kings under LT-312061-21/KI (the "Landlord Tenant Action") seeking to evict the Debtor from the Building; and

**WHEREAS**; the Landlord Tenant Action was subsequently stayed by the Debtor's Chapter 11 filing on September 21, 2022; and

**WHEREAS**, subsequent thereto, the Parties reached an amicable resolution of the Landlord Tenant Action; and

**WHEREAS**, the Parties to this Stipulation Agreement agree that it is appropriate to enter a limited modification of the automatic stay for the sole purpose of having the Stipulation and Order settling the Landlord Tenant Action approved by the Bankruptcy Court under Bankruptcy Rules 2002(a)(3) and 9019 and thereafter having the Stipulation settling the Landlord Tenant Action filed with the State Court.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1.  The automatic stay under 11 U.S.C. Section 362 is modified with respect to the Landlord Tenant Action for the exclusive purpose of permitting the Parties to file the Stipulation settling the Landlord Tenant Action with the State Court, once the Parties have

obtained Bankruptcy Court approval of the Stipulation pursuant to Bankruptcy Rules 2002(a)(3) and 9019.

2. Except as expressly provided in this Stipulation, the automatic stay remains in effect in this case.

3. The Parties are authorized to take any and all actions necessary to carry out the terms of this Stipulation and Order.

4. This Stipulation may not be altered, modified or changed in any manner unless in a writing signed by the parties hereto.

5. This Stipulation may be executed in counterparts, each of which when executed and delivered in original or electronic form shall constitute the respective party's agreement hereto and, all of which when taken together, shall constitute one and the same agreement. An executed copy of this Stipulation via electronic (email) transmission or facsimile shall have the same force and effect as an original.

6. The terms and conditions herein are subject to approval by the Bankruptcy Court. If this Stipulation is not approved by the Bankruptcy Court in its entirety, it shall be null and void and shall not be referred to or used for any purpose by any of the parties hereto. Nothing contained herein shall be deemed an admission by a party hereto and is without prejudice to any and all rights and remedies of any party hereto.

*(CONTINUES ON NEXT PAGE)*

7. Counsel for each party aver that they have full authority to execute this Stipulation on behalf of their respective client.

Dated: Melville, New York
    November 21st, 2022

          LAW OFFICE OF RONALD D. WEISS,
          Attorneys for Debtor

By:   */s/ Michael A. Farina*
      Michael A. Farina
      734 Walt Whitman Road
      Melville, NY 11747
      (631) 271-3737

Dated: New York, New York
    November 21st, 2022

          KUCKER MARINO et. al.
          Attorneys for Moffat Holding, LLC

By:   */s/ Lisa Faham Selzer*
      Lisa Faham Selzer
      747 Third Avenue
      12th Floor
      New York, NY 1017

**IT IS SO ORDERED:**



Dated: November 22, 2022
    Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge